See also 115 F.R.D. 469.

**James R. LEE, Plaintiff,**

**v.**

**SHELLER GLOBE CORPORATION, Defendant.**

**SHELLER GLOBE CORPORATION, Third Party Plaintiff,**

**v.**

**STAUFFER CHEMICAL COMPANY and Brent Chemical Corporation, Third Party Defendants.**

**Civ. A. No. H84–0175(NG).**

United States District Court, S.D. Mississippi, Hattiesburg Division.

May 15, 1986.

Thelma Schwartz Zinner, Biloxi, Miss., Guy Walker, Laurel, Miss., for plaintiff.

Keith R. Raulston, George F. Woodliff, III, Jackson, Miss., for defendant & third party plaintiff.

J. Robert Ramsay, S. Robert Hammond, Hattiesburg, Miss., for third party defendants.

## MEMORANDUM OPINION

GEX, District Judge.

This matter is before the Court on the cross motions for summary judgment filed by Third Party Plaintiff Sheller Globe Corporation ("Sheller") and Third Party Defendant Stauffer Chemical Company ("Stauffer"). For the reasons stated below, the Court determines that a genuine issue of material fact exists, thus precluding the granting of either motion.

Plaintiff James Lee, while employed as a sales representative for Stauffer, was injured July 7, 1979, on the premises of Sheller's automotive plant then located in Kosciusko, Mississippi. Plaintiff was present in the plant in connection with[1] the sale of certain chemicals from Stauffer to Sheller as evidenced by Sheller's purchase order numbered K 06099 issued June 20, 1979. Lee filed this action against Sheller to recover damages for personal injuries allegedly sustained in the accident upon which his complaint is based. Sheller filed a third party complaint seeking contractual indemnity from Stauffer based upon the pertinent terms of the purchase order. The reverse side of the purchase order contained the following provision:

INDEMNIFICATION    In the event that Seller is required to enter the premises owned, leased, occupied by, or under the control of Buyer during the performance of services hereunder or during delivery of articles herein contemplated, Seller agrees to indemnify and save harmless Buyer, officers, employees and agents from all costs, loss, expense, damages, claims, suits or liability resulting from injury, including death, to person or property damage arising from or in any manner growing out of the act or omission of Seller, its subcontractors, agents, or their respective employees, and Seller agrees to indemnify Buyer with respect to any claim or demand for damage for personal injury or death of, or property damage sustained by, Seller, it subcontractors, agents or their respective employees, which arise from any cause, including negligence of Buyer, its agents, subcontractors or, their respective employees.

■ Sheller's urging of its motion is premised upon a finding that the subject chemical sale constituted a contract for the sale of goods pursuant to the provisions of the Mississippi Uniform Commercial Code. Stauffer argues in response (and in support of its motion) that the purchase order was "simply a confirmation of a sale of goods or a written acceptance with additional terms on the back" which materially altered Stauffer's "offer" to sell the subject chemicals. Stauffer thus reasons that Miss.Code Ann. Section 75-2-207 (1972) prohibits the indemnification clause from becoming part of the contract absent Stauffer's express acceptance of such term, an event Stauffer contends did not occur.

The Court has considered the briefs and authorities submitted by the parties and is of the opinion that Sheller's premise is well founded. A contract was established by virtue of Sheller's purchase order (the offer) and Stauffer's shipment of the ordered goods (the acceptance). Miss.Code Ann. Sections 75-2-204, 75-2-206 (1972). Accordingly, the terms of the purchase order created the parties' respective obligations.

1. See the Court's Order entered this date denying Stauffer's "Motion for Interpretation of Response to Request for Admissions and/or Mo-

**8**

Stauffer also argues that the statute of frauds [2] operates to void the indemnification provision since the purchase order was not signed by Stauffer. In view of the Court's determination that a contract of sale was formed, and that the parties' performance included Stauffer's acceptance of payment for the goods and Sheller's receipt thereof, the writing requirement of the statute of frauds has no application to this case. Stauffer, having admitted that a contract for sale was made with respect to the chemicals listed on the purchase order, must likewise abide by the terms which accompanied it.

Stauffer next contends that the indemnity provision is nevertheless prohibited by public policy considerations. Mississippi law, however, holds to the contrary. "In Mississippi, broad language of indemnification (in an indemnity contract) is clear and unequivocal enough to protect an indemnitee against the consequences of his own negligence." *City of Jackson v. Filtrol Corporation,* 624 F.2d 1384, 1388 (5th Cir. 1980).

Finally, Stauffer argues that there can be no duty of indemnification in the case *sub judice* because "any agreement for indemnification had terminated". Stauffer refers to specific language in the indemnification clause and submits that the applicability of any action contemplated thereunder had expired prior to July 7, 1979. Sheller counters by asserting that Lee's "presence in the plant to supervise a changeover operation (was) absolutely essential to buyer satisfaction and consequent payment of the purchase price at the time it fell due."

The Court has reviewed the deposition testimony of both James Lee and Walter Moody and concludes that a genuine issue of material fact exists concerning whether the criteria for enforceability of the indemnification provision have been satisfied. Whether Plaintiff was "required" to enter Sheller's premises "during the performance of services hereunder or during delivery of articles herein contemplated" is properly a question for the jury's determination. It is therefore the Court's opinion that Sheller's and Stauffer's respective motions for summary judgment pursuant to Rule 56 should therefore be denied.

A separate Order will be entered accordingly.

tion for Leave to Amend Response to Request for Admission".

**2.** Miss.Code Ann. Sections 75–2–201, 15–3–1 (1972).